# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In Re: DISTRIBUTED ENERGY SYSTEMS CORP.          Case No. 08-11101 Chapter <u>11</u>

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None ☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

<u>AMOUNT</u>          <u>SOURCE ( if more than one )</u>

---

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| <u>AMOUNT</u> | <u>SOURCE</u> |
| --- | --- |
| $1,623,144 | FY 2006  (Interest and rental income.) |
| $687,931 | FY 2007  (Interest and rental income.) |
| $611,888 | YTD 2008  (Interest, rental income and Morgan Stanley settlement.) |

---

**3. Payments to creditors**

None ☑    a.   Individual or joint debtor(s) with primary consumer debts: List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐    b.   Debtor whose debts are not primary consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

SEE EXHIBIT SOFA - 3b

None ☐    c.   All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

SEE EXHIBIT SOFA - 3c

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐    a.   List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Scott Higgins v. Distributed Energy Systems Co. Case # 0830418 | Discrimination case based on physical disability and mental disorder | Connecticut Commission on Human Rights and Opportunites West Central Region Office Rowland State Government Center 55 West Main Street, Suite 210 Waterbury, CT 06702-2004 | Pending |

None ☑    b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

## 6. Assignments and receiverships

None ☑

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERM OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

## 7. Gifts

None ☑

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

## 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

## 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Allen & Company LLC<br>711 Fifth Avenue<br>New York, NY 10022 | 4/11/2008 | $100,000 |
| Allen & Company LLC<br>711 Fifth Avenue<br>New York, NY 10022 | 5/12/2008 | $101,500 |
| Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Bldg.<br>1000 West Street, 17th Floor<br>PO Box 391<br>Wilmington, DE 19899- 0391 | 3/31/2008 | $25,000 |
| Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Bldg.<br>1000 West Street, 17th Floor<br>PO Box 391<br>Wilmington, DE 19899- 0391 | 4/23/2008 | $75,000 |
| Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Bldg.<br>1000 West Street, 17th Floor<br>PO Box 391<br>Wilmington, DE 19899- 0391 | 5/2/2008 | $25,000 |
| Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Bldg.<br>1000 West Street, 17th Floor<br>PO Box 391<br>Wilmington, DE 19899- 0391 | 5/28/2008 | $10,000 |
| Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Bldg.<br>1000 West Street, 17th Floor<br>PO Box 391<br>Wilmington, DE 19899- 0391 | 5/28/2008 | $25,000 |
| Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Bldg.<br>1000 West Street, 17th Floor<br>PO Box 391<br>Wilmington, DE 19899- 0391 | 5/30/2008 | $30,000 |
| Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Bldg.<br>1000 West Street, 17th Floor<br>PO Box 391<br>Wilmington, DE 19899- 0391 | 6/02/2008 | $25,000 |

## 10. Other transfers

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑ b. List all other property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

## 11. Closed financial accounts

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

## 12. Safe deposit boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

## 13. Setoffs

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14. Property held for another person

None ☑ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

### 15. Prior address of debtor

**None** ☑

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS          NAME USED          DATES OF OCCUPANCY

### 16. Spouses and Former Spouses

**None** ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

**None** ☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME        NAME AND ADDRESS        DATE OF        ENVIRONMENTAL
AND ADDRESS        OF GOVERNMENTAL UNIT        NOTICE        LAW

**None** ☑

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME        NAME AND ADDRESS        DATE OF        ENVIRONMENTAL
AND ADDRESS        OF GOVERNMENTAL UNIT        NOTICE        LAW

**None** ☑

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS                 STATUS OR
OF GOVERNMENTAL UNIT      DOCKET NUMBER        DISPOSITION

## 18. Nature, location and name of business

None a    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and
☐      beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years
immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting
or equity securities within the two years immediately preceding the commencement of this case. If the debtor is a
partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity
securities, within the six years immediately preceding the commencement of this case. If the debtor is a corporation,
list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates
of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within
the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Northern Power Systems, Inc. | 06-1371302 | 10 Technology Drive Wallingford, CT 06492 | Designs, builds, installs and services on-site and integrated power systems | 12/2003 - Current |
| Proton Energy Systems, Inc. | 06-1461988 | 10 Technology Drive Wallingford, CT 06492 | Designs, develops and manufactures proton exchange membrane | 12/2003 - Current |
| Technology Drive, LLC | 95-4893221 | 10 Technology Drive Wallingford, CT 06492 | Real Estate Holding Company | 12/2003 - Current |

None b    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11
☑      U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

## 19. Books, records and financial statements

None a.    List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case
☐      kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Deborah Fox 10 Technology Drive Wallingford, CT 06492 | 10/1/2006 - Current |
| Robert Nieszczezewski 40 Forest View Lane Hebron, CT 06248 | 2/5/2001 - 10/2/2007 |
| Sheldon Paul 10 Technology Drive Wallingford, CT 06492 | 10/1/2007 - Current |

| None ☐ | b. | List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor. |
| :-- | :-- | :-- |

| NAME | ADDRESS | DATES SERVICES RENDERED |
| :-- | :-- | :-- |
| PricewaterhouseCoopers LLP | David Jenkins, CPA<br>185 Asylum St.<br>Suite 2400<br>Hartford, CT 06103 | 6/5/2006 - 6/4/2008 |

| None ☐ | c. | List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain. |
| :-- | :-- | :-- |

| NAME | ADDRESS |
| :-- | :-- |
| Peter Tallian | 10 Technology Drive<br>Wallingford, CT 06492 |

| None ☐ | d. | List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor. |
| :-- | :-- | :-- |

Information has been sent to various constituencies, some of these parties include:

| NAME AND ADDRESS | DATE ISSUED |
| :-- | :-- |

Pursuant to the requirements of the Securities Exchange Act of 1934, at the end of the Debtor's fiscal quarters and fiscal years and upon occurrence of certain significant events, the Debtor prepares and files with the Securities and Exchange Commission ("SEC") Form 8-K Current Reports, Form 10-Q Quarterly Reports and Form 10-K Annual Reports (collectively the "SEC Filings"). The SEC Filings contain financial information relating to the Debtor. It is the practice of the Debtor to distribute copies of the SEC Filings to lenders and other parties requesting financial information. Because the SEC Filings are of public record, the Debtor does not maintain records of the parties who requested or obtained copies of any SEC Filings.

### 20. Inventories

| None ☑ | a. | List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory. |
| :-- | :-- | :-- |

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
| :-- | :-- | :-- |

| None ☑ | b. | List the name and address of the person having possession of the records of each of the two inventories reported in a., above. |
| :-- | :-- | :-- |

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN<br>OF INVENTORY RECORDS |
| :-- | :-- |

### 21. Current Partners, Officers, Directors and Shareholders

| None ☑ | a. | If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership. |
| :-- | :-- | :-- |

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| :-- | :-- | :-- |

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |
| Bernard Cherry<br>10 Technology Drive<br>Wallingford, CT 06492 | President and Chief Executive Officer | .10% |
| Peter Tallian<br>10 Technology Drive<br>Wallingford, CT 06492 | Chief Financial Officer, Secretary and Treasurer | N/A |
| James H. Ozanne<br>10 Technology Drive<br>Wallingford, CT 06492 | Director | .06% |
| Paul F. Koeppe<br>10 Technology Drive<br>Wallingford, CT 06492 | Director | .12% |
| Theodore Stern<br>10 Technology Drive<br>Wallingford, CT 06492 | Director | .03% |

## 22. Former partners, officers, directors and shareholders

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None ☐ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |
| Amborse Schwallie<br>412 Spalding Lake Circle<br>Aiken, SC 29803 | Chief Executive Officer and Director | 11/1/2007 |
| John Fox<br>c/o Perseus, LLC<br>2099 Pennsylvania Avenue NW<br>Washington, DC 20006 | Director | Term May 2007 - August 2007 |
| Michael Miller<br>c/o Perseus, LLC<br>2099 Pennsylvania Avenue NW<br>Washington, DC 20006 | Director | Term August 2007 - November 2007 |
| Richard Grant<br>8224 Bald Eagle Lane<br>Wilmington, NC 28411-9307 | Director | 8/2007 |
| Walter Schroeder<br>1 Captains Walk<br>Rowayton, CT 06853 | Director | 8/2007 |

### 23. Withdrawals from a partnership or distributions by a corporation

None ☐ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| See Sofa Question 3c. | | - |

### 24. Tax Consolidation Group

None ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

### 25. Pension Funds

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

| Claimant | Check Number | Check Date | Check Amount |
|---|---|---|---|
| ADP, INC | WDL000001200 | 03/07/2008 | $93.03 |
| | WDL000001203 | 03/13/2008 | $42,647.21 |
| | WDL000001204 | 03/13/2008 | $25,467.85 |
| | WDL000001208 | 03/21/2008 | $84.76 |
| | WDL000001209 | 03/27/2008 | $46,635.01 |
| | WDL000001210 | 03/27/2008 | $25,470.76 |
| | WDL000001228 | 04/04/2008 | $108.48 |
| | WDL000001229 | 04/09/2008 | $400.08 |
| | WDL000001230 | 04/10/2008 | $33,664.88 |
| | WDL000001231 | 04/10/2008 | $16,412.19 |
| | WDL000001234 | 04/18/2008 | $267.68 |
| | WDL000001235 | 04/24/2008 | $42,126.02 |
| | WDL000001236 | 04/24/2008 | $21,710.05 |
| | WDL000001257 | 05/02/2008 | $219.27 |
| | WDL000001258 | 05/08/2008 | $36,903.58 |
| | WDL000001259 | 05/08/2008 | $18,148.73 |
| | WDL000001262 | 05/16/2008 | $178.27 |
| | WDL000001263 | 05/22/2008 | $34,281.11 |
| | WDL000001264 | 05/22/2008 | $14,460.34 |
| | DAJ000001298 | 05/30/2008 | $195.80 |
| | WDL000001285 | 06/04/2008 | $37,408.84 |
| | WDL000001286 | 06/04/2008 | $16,750.47 |
| | | | **$413,634.41** |
| ALLEN & COMPANY LLC | 04909 | 04/11/2008 | $100,000.00 |
| | 04978 | 05/12/2008 | $101,500.00 |
| | | | **$201,500.00** |
| AT&T | 04787 | 03/07/2008 | $3,555.56 |
| | 04789 | 03/07/2008 | $74.19 |
| | 04849 | 03/24/2008 | $1,024.13 |
| | 04871 | 04/03/2008 | $271.08 |
| | 04895 | 04/09/2008 | $3,911.10 |
| | 04919 | 04/25/2008 | $1,035.99 |
| | 04983 | 05/15/2008 | $3,555.56 |
| | 05004 | 05/28/2008 | $1,033.88 |
| | | | **$14,461.49** |
| B H CHERRY LLC | 04790 | 03/07/2008 | $78,242.81 |
| | 04878 | 04/07/2008 | $76,000.00 |
| | 04967 | 05/08/2008 | $85,422.25 |
| | 05000 | 05/21/2008 | $66,275.88 |
| | 05006 | 05/28/2008 | $15,000.00 |
| | 05033 | 05/30/2008 | $7,322.84 |
| | | | **$328,263.78** |

| Claimant | Check Number | Check Date | Check Amount |
|---|---|---|---|
| CANTOR COLBURN LLP | 04850 | 03/24/2008 | $14,634.35 |
| | 04968 | 05/08/2008 | $2,745.50 |
| | 04998 | 05/19/2008 | $8,200.00 |
| | 05036 | 06/02/2008 | $1,100.00 |
| | | | **$26,679.85** |
| COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. | 04942 | 04/25/2008 | $25,000.00 |
| | 05031 | 05/30/2008 | $50,000.00 |
| | | | **$75,000.00** |
| COOLEY GODWARD KRONISH LLP | 04852 | 03/24/2008 | $13,099.50 |
| | 04913 | 04/22/2008 | $31,946.10 |
| | 05024 | 05/28/2008 | $11,525.29 |
| | | | **$56,570.89** |
| CT GENERAL LIFE INSURANCE CO. | 04846 | 03/17/2008 | $6,141.96 |
| | 04911 | 04/18/2008 | $6,141.96 |
| | 04996 | 05/02/2008 | $6,141.96 |
| | | | **$18,425.88** |
| DELCON MAINTENANCE CORPORATION | 04827 | 03/12/2008 | $3,710.00 |
| | 04952 | 05/01/2008 | $3,710.00 |
| | 04986 | 05/15/2008 | $3,710.00 |
| | | | **$11,130.00** |
| HALE AND DORR, LLP | 04801 | 03/07/2008 | $75,435.24 |
| | | | **$75,435.24** |
| ITECH SOLUTIONS, INC. | 04925 | 04/25/2008 | $8,480.00 |
| | 04987 | 05/15/2008 | $18,947.50 |
| | | | **$27,427.50** |
| J. MORRISSEY | 04907 | 04/09/2008 | $8,480.00 |
| | 04926 | 04/25/2008 | $8,480.00 |
| | | | **$16,960.00** |
| JAMES A. CONGDON, JR. | 04796 | 03/07/2008 | $1,995.00 |
| | 04826 | 03/12/2008 | $1,085.00 |
| | 04851 | 03/24/2008 | $1,260.00 |
| | 04898 | 04/09/2008 | $2,030.00 |
| | 04908 | 04/09/2008 | $5,000.00 |
| | 04950 | 05/01/2008 | $1,540.00 |
| | 04964 | 05/02/2008 | $1,190.00 |
| | 04985 | 05/15/2008 | $1,050.00 |
| | 05001 | 05/22/2008 | $980.00 |
| | 05008 | 05/28/2008 | $945.00 |
| | | | **$17,075.00** |
| JAMES H. OZANNE | 04865 | 03/28/2008 | $7,000.00 |
| | 05039 | 06/02/2008 | $5,250.00 |
| | | | **$12,250.00** |

| Claimant | Check Number | Check Date | Check Amount |
|---|---|---|---|
| JAMES STONE & ASSOCIATES, LLC | 04830 | 03/12/2008 | $2,428.63 |
| | 04927 | 04/25/2008 | $2,805.30 |
| | 04988 | 05/15/2008 | $2,309.40 |
| | | | **$7,543.33** |
| JOHN HANCOCK | WDL000001207 | 03/17/2008 | $5,713.00 |
| | WDL000001211 | 03/31/2008 | $5,552.71 |
| | WDL000001233 | 04/15/2008 | $20,551.06 |
| | WDL000001237 | 04/28/2008 | $7,295.10 |
| | WDL000001260 | 05/12/2008 | $6,225.57 |
| | WDL000001265 | 05/27/2008 | $4,991.05 |
| | WDL000001310 | 06/04/2008 | $5,811.93 |
| | | | **$56,140.42** |
| KATIE WALSH | 04803 | 03/07/2008 | $3,832.50 |
| | 04853 | 03/24/2008 | $1,067.50 |
| | 04873 | 04/03/2008 | $857.50 |
| | | | **$5,757.50** |
| LEANDRO PEYCERE | 04900 | 04/09/2008 | $16,389.87 |
| | 05028 | 05/28/2008 | $11,759.29 |
| | 05040 | 06/02/2008 | $6,463.84 |
| | | | **$34,613.00** |
| LOUREIRO ENGINEERING ASSOCIATES, INC. | 04854 | 03/24/2008 | $27,072.50 |
| | 04928 | 04/25/2008 | $2,802.50 |
| | | | **$29,875.00** |
| MARSH USA INC. | 04974 | 05/08/2008 | $13,099.90 |
| | | | **$13,099.90** |
| MIDSTATE PROPERTY SERVICES LLC | 04901 | 04/09/2008 | $5,777.00 |
| | | | **$5,777.00** |
| ML STRATEGIES LLC | 04806 | 03/07/2008 | $10,000.00 |
| | 04856 | 03/24/2008 | $10,000.00 |
| | | | **$20,000.00** |
| PAETEC COMMUNICATIONS, INC. | 04874 | 04/03/2008 | $2,321.65 |
| | 04930 | 04/25/2008 | $2,312.43 |
| | 05016 | 05/28/2008 | $2,360.78 |
| | | | **$6,994.86** |
| PAUL F. KOEPPE | 04863 | 03/28/2008 | $6,500.00 |
| | 05034 | 05/30/2008 | $950.38 |
| | 05038 | 06/02/2008 | $5,583.33 |
| | | | **$13,033.71** |

| Claimant | Check Number | Check Date | Check Amount |
|---|---|---|---|
| PRICEWATERHOUSECOOPERS LLP | 04817 | 03/10/2008 | $75,000.00 |
| | 04835 | 03/12/2008 | $65,000.00 |
| | 04903 | 04/09/2008 | $45,800.00 |
| | | | **$185,800.00** |
| ROBERT HALF MANAGEMENT RESOURCES | 04837 | 03/12/2008 | $12,139.65 |
| | 04859 | 03/24/2008 | $20,223.15 |
| | 04862 | 03/28/2008 | $19,580.46 |
| | 04876 | 04/03/2008 | $9,932.20 |
| | 04904 | 04/09/2008 | $10,480.75 |
| | 04932 | 04/25/2008 | $22,352.16 |
| | 04975 | 05/08/2008 | $17,952.75 |
| | 04990 | 05/15/2008 | $11,277.08 |
| | 05018 | 05/28/2008 | $7,042.38 |
| | 05035 | 05/30/2008 | $7,347.13 |
| | 05042 | 06/03/2008 | $8,011.35 |
| | | | **$146,339.06** |
| ROBINSON & COLE LLP | 04860 | 03/24/2008 | $151.16 |
| | 04867 | 03/28/2008 | $5,000.00 |
| | 04910 | 04/16/2008 | $4,811.00 |
| | 04933 | 04/25/2008 | $15,367.00 |
| | | | **$25,329.16** |
| ST PAUL TRAVELERS | 04812 | 03/07/2008 | $2,318.50 |
| | 05027 | 05/28/2008 | $43,054.30 |
| | | | **$45,372.80** |
| THEODORE STERN | 04864 | 03/28/2008 | $6,000.00 |
| | 04935 | 04/25/2008 | $388.01 |
| | 04977 | 05/09/2008 | $417.75 |
| | 05037 | 06/02/2008 | $5,750.00 |
| | | | **$12,555.76** |
| TRANSFER TO NPS | DAJ000001305 | 06/03/2008 | $650,000.00 |
| | | | **$650,000.00** |
| TRAXI LLC | 04995 | 05/02/2008 | $25,000.00 |
| | | | **$25,000.00** |
| TRENK, DIPASQUALE, WEBSTER, DELLA FERA & SODONO, P.C. | 04943 | 04/25/2008 | $25,000.00 |
| | | | **$25,000.00** |
| UHY LLP | 04937 | 04/25/2008 | $25,000.00 |
| | 04994 | 05/02/2008 | $15,866.00 |
| | | | **$40,866.00** |

| Claimant | Check Number | Check Date | Check Amount |
|---|---|---|---|
| VPSI | 04785 | 03/07/2008 | $960.00 |
| | 04847 | 03/24/2008 | $1,752.00 |
| | 04915 | 04/25/2008 | $960.00 |
| | 04944 | 05/01/2008 | $876.00 |
| | 04979 | 05/15/2008 | $1,827.00 |
| | | | **$6,375.00** |
| YOUNG CONAWAY STARGATT & TAYLOR | 04868 | 03/31/2008 | $25,000.00 |
| | 04914 | 04/23/2008 | $75,000.00 |
| | 04993 | 05/02/2008 | $25,000.00 |
| | 05025 | 05/28/2008 | $10,000.00 |
| | 05026 | 05/28/2008 | $25,000.00 |
| | 05032 | 05/30/2008 | $30,000.00 |
| | 05041 | 06/02/2008 | $25,000.00 |
| | | | **$215,000.00** |

**Grand Total:  35**      **$2,865,286.54**

| Claimant | Relationship to Debtor | Payment Date | Amount | Description |
|---|---|---|---|---|
| AMBROSE SCHWALLIE | | | $300,107.51 | Compensation |
| | | | $5,211.61 | Payments thru A/P |
| | | | $5,850.00 | Stock Options |
| | | | **$311,169.12** | |
| BERNARD H. CHERRY | | | $559,714.40 | Payments thru A/P |
| | | | $227,713.00 | Stock Options |
| | | | **$787,427.40** | |
| GERALD OSTROSKI | | | $1,050.86 | Payments thru A/P |
| | | | $17,128.00 | Stock Options |
| | | | **$18,178.86** | |
| JAMES OZANNE | | | $19,705.27 | Payments thru A/P |
| | | | $110,182.00 | Stock Options |
| | | | **$129,887.27** | |
| JOHN FOX | | | $9,896.02 | Restricted Award Price |
| | | | $74,124.00 | Stock Options |
| | | | **$84,020.02** | |
| MICHAEL MILLER | | | $9,896.02 | Restricted Award Price |
| | | | $15,360.00 | Stock Options |
| | | | **$25,256.02** | |
| PAUL KOEPPE | | | $22,095.54 | Payments thru A/P |
| | | | $102,112.00 | Stock Options |
| | | | **$124,207.54** | |
| PERSEUS LLC | | | $63,605.24 | Payments thru A/P |
| | | | **$63,605.24** | |
| PETER TALLIAN | | | $276,260.42 | Compensation |
| | | | $20,163.73 | Expense Reimbursement |
| | | | $52,850.00 | Stock Options |
| | | | **$349,274.15** | |
| RICHARD GRANT | | | $1,240.61 | Payments thru A/P |
| | | | $17,654.00 | Stock Options |
| | | | **$18,894.61** | |
| ROBERT SHAW | | | $14,690.00 | Stock Options |
| | | | **$14,690.00** | |
| THEODORE STERN | | | $13,650.26 | Payments thru A/P |
| | | | $97,062.00 | Stock Options |
| | | | **$110,712.26** | |
| WALTER SCHROEDER | | | $362,444.74 | Compensation |
| | | | $5,232.99 | Expense Reimbursement |
| | | | $5,850.00 | Stock Options |
| | | | **$373,527.73** | |

| Claimant | Relationship to Debtor | Payment Date | Amount | Description |
|---|---|---|---|---|
| Grand Total:  13 | | | $2,410,850.22 | |

## GLOBAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS OF

## DISTRIBUTED ENERGY SYSTEMS CORP. et.al.

Distributed Energy Systems Corp. and its wholly owned subsidiary Northern Power Systems, Inc. (Jointly Administered [Docket No.27], (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007. The Schedules and Statements prepared by the Debtor are unaudited and were prepared with data as near as possible to June 4, 2008 (the "Petition Date"). While the Debtor's management has exercised reasonable best efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend the Schedules and Statements from time to time as may be necessary or appropriate and expects it will do so as information becomes available. These global notes (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Debtor reserves the right to dispute, or to assert offset or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification. The Debtor also reserves all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in its Schedules and Statements.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated". The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated". Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts. Further, the claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed as the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

As it would be expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests, unless otherwise noted, the carrying value on the Debtor's books (net book value), rather than the current market values, of the Debtor's interests in property and of the Debtor's liabilities, is reflected on the Debtor's Schedules and Statements.

The Debtor has not set forth all causes of action against all third parties as assets in its Schedules and Statements. The Debtor reserves all of its rights with respect to any causes of action it may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Basis of Presentation:** The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor. The Schedules and Statements do not purport to represent financial statements prepared in accordance with U.S. Generally Accepted Accounting Principles ("GAAP"). Unless otherwise noted, each asset is shown on the basis of the book value of the asset in the Debtors' accounting books and records, rather than the current market values of such interest in property.

**Causes of Action:** The Debtors, despite their efforts, may not have listed all of their causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have, whether or not listed as assets in the Schedules and Statements, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Employee Claims Paid Pursuant to Court Orders:** Certain of the Schedules and Statements may list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date. The Bankruptcy Court entered a first day order (the "Employee Wage Order") granting authority to the Debtors to pay prepetition and postpetition employee wages, salaries, and certain other benefits and other obligations. Pursuant to the Employee Wage Order, the Debtors believe that certain employee claims for wages and accrued vacation have either been satisfied, or are in the process of being satisfied. Accordingly, certain employee claims for wages and accrued vacation have not been included in the Schedules and Statements.

**Dates:** Unless otherwise indicated, all asset and liability information is listed as of June 4, 2008 (the "Petition Date").

**Estimates:** To close the books and records of the Debtors as of the Petition Date, management was required to make estimates and assumptions that affect the reported amounts of assets and liabilities.

**Leases:** The Debtors have not included in the Schedules and Statements future obligations under any operating leases.

**Litigation:** Certain litigation and environmental actions reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors have made reasonable efforts to accurately record these actions in the Schedules and Statements of the Debtor that is the party to the action.

**Property and Equipment:** Except as otherwise indicated in these Global Notes, owned property and equipment is stated at net book value. Interest expenses related to the acquisition of certain property and equipment are capitalized as an additional cost of the asset or as a leasehold improvement if the asset is leased. Costs of major improvements that enhance the usefulness of the asset are capitalized and depreciated over the estimated useful life of the asset or the modifications, whichever is less. Depreciation and amortization expense for principal asset classifications are calculated on a straight-line basis to an estimated residual value.

**Trade Accounts Receivable and Accounts Payable:** Trade Accounts Receivable are presented Gross, but without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights, or collateral held by the Debtors, unless otherwise stated. Likewise, Accounts Payable are shown without consideration for accounts receivable, open or terminated contracts, liquidated damages, setoff rights, or collateral that has been posted on behalf of the counterparty.

**Valuation:** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of the Petition Date are reflected on the Schedules and Statements. For this reason, amounts ultimately realized will vary from net book value, and such variance may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

### Schedules of Assets and Liabilities

**Schedule B:**

    **Item 2.** Unless otherwise noted, Schedule B lists the net book value for each of the Debtor's assets as of June 4, 2008, as reflected on the Debtor's books and records.

    **Item 16.** The Debtors have reported the gross amount of their accounts receivable without reserve for amounts that may be inaccurate or uncollectible. The Debtors are unable to determine with any degree of certainty what will be collected.

**Schedule D:** Creditors Holding Secured Claims. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D. Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements. No attempt has been made to identify such agreements for purposes of Schedule D.

**Note regarding amounts due to Perseus Partners VII, L.P.:** The figure set forth on Schedule D for Perseus is an estimated figure which may not account for, among other things, certain fees and expenses owed to Perseus.

**Schedule E:** Creditors Holding Unsecured Priority Claims. All claims listed on the Debtors' Schedule E are claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the claims listed on Schedule E. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues. The Debtors reserve their right to dispute or challenge whether such claims are entitled to priority.

The listing of any claim on this Schedule E does not constitute an admission by the Debtor that such claim is entitled to priority treatment under 11 U.S.C. § 507.

**Schedule F:** Creditors Holding Unsecured Non-Priority Claims. Schedule F does not include certain deferred charges, deferred liabilities, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F. Schedule F contains information regarding potential, pending, and closed litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. However, to the extent litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule F of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule F are intended only to be a summary. Nothing in the Global Notes or the Schedules and Statements shall be deemed to be a modification or interpretation of the terms of such agreements. The claims of individual creditors for, among other things, merchandise, goods, services or taxes are listed at the amounts listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits or allowances. The dollar amounts listed may be exclusive of contingent and unliquidated amounts. The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential pending litigation listed in the Debtors' Statements as contingent, unliquidated, and disputed claims to the extent not already listed on Schedule F. All parties to executory contracts, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and/or (ii) rejection damages in the event that such executory contract is rejected. Not all such claims are duplicated on Schedule F.

The Debtor expressly incorporates by reference into Schedules F all parties to pending and potential litigation listed in 4(a) of the Debtor's Statements as contingent, unliquidated and disputed claims, to the extent not already listed on Schedule F.

**Note regarding amounts due under the Consulting Agreement with BH CHERRY LLC (Bernard Cherry):** Pursuant to the Order (I) Authorizing, But Not Directing, the Debtors to Pay Certain Pre-Petition Wages, Compensation and Employee Benefit; (II) Authorizing, But Not Directing, the Debtors to Continue Payment of Wages, Compensation and Employee Benefits in the Ordinary Course of Business; and (III) Authorizing and Directing Disbursement Banks to Process and Pay All Checks Presented for Payment and to Honor All Transfer Requests Made by the Debtors Relating to the Foregoing [Docket No. 33], the Debtors were authorized to pay up to $10,950 in unpaid prepetition wages to employees. Because $10,950 was already paid on account of unpaid prepetition wages, the $17,050.00 listed on schedule F of the Schedules of Distributed Energy Systems Corp. is not entitled to priority status under section 507(a)(4).

**Schedule G:** Executory Contracts. The businesses of the Debtors are complex. While commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusions may have occurred. The Debtors reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments, and agreements which may not be listed herein. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights that are embedded in the Debtors' agreements. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have been scheduled to the best of the Debtors' knowledge. Schedule G does not include purchase orders; however, the debtors reserve their right to amend Schedule G to include purchase orders as necessary. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, and attornment agreements, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps, and other miscellaneous agreements. Such documents are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of

any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim.

**Schedule H:** Co-Debtors. In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Schedules and Statements, they have not been set forth individually on Schedule H. Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Thus, the Debtors reserve their right to amend the Schedules to the extent additional guarantees are identified or such guarantees are discovered to have expired or unenforceable.

[If completed by an individual or individual and spouse]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____     Signature _____
                                              of Debtor

Date _____     Signature _____
                                              of Joint Debtor
                                                 ( if any )

* * * * * * * * * * * * * * * *

[If completed on behalf of a partnership or corporation]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   July 9, 2008           Signature  \S\  *Peter J Tall*  _____

                                         _____
                                         Peter Tallian – Chief Financial Officer, Secretary and Treasurer
                                                        Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571