# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
:
In re:                                                     :
                                                           :   Case No. 08-11101 (KG)
DISTRIBUTED ENERGY SYSTEMS                                 :
CORP.[2], a Delaware corporation, and                      :   Chapter 11
NPS LIQUIDATING, INC., a Delaware                          :
corporation,                                               :   Jointly Administered
                                                           :
            Debtors.                                       :   Re Dkt #889
                                                           :
---------------------------------------------------------- x

## ORDER GRANTING JOINT MOTION OF THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING MECHANISM FOR DISTRIBUTION OF REALLOCATED FUNDS, UPON FULFILLMENT OF CERTAIN CONDITIONS DISMISSING THESE CHAPTER 11 CASES, AND RELATED RELIEF PURSUANT TO 11 U.S.C. §§ 105(A), 349 AND 1112(B)

Upon the motion (the "Dismissal Motion")[3] of Distributed Energy Systems Corp. ("DESC") and NPS Liquidating, Inc. f/k/a Northern Power Systems, Inc. ("NPS") as debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") for the entry of an order (a) dismissing the Debtors' Chapter 11 cases, (b) approving the distribution by the Creditor Trustee to general unsecured creditors of the Settlement Funds specifically carved out for such distribution, (c) authorizing the Committee to prosecute the CB Wind Adversary Proceeding, and (d) granting related relief; and after considering all oral arguments during a hearing before the Court on August 17, 2010 (the "Hearing"), and after careful review and consideration of objections submitted by the United States Trustee and Northern Power Systems, Inc. f/k/a CB Wind Acquisition Corp., and upon

---

[2]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Distributed Energy Systems Corp. ("DESC") (7690) and NPS Liquidating, Inc., f/k/a Northern Power Systems, Inc. ("NPS") (1302). The mailing address for each of the Debtors is 10 Technology Drive, Wallingford, CT 06492.

[3]  Capitalized terms used herein but not otherwise define shall have the meanings ascribed to them in the Motion.

NYC/488244.9

the record of the Hearing; and after due deliberation the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) good and sufficient notice of the Motion has been provided under the circumstances and no other or further notice is necessary, and (d) sufficient cause exists to grant the relief requested in the Dismissal Motion pursuant to sections 105(a), 349 and 1112(b) of the Bankruptcy Code, which relief is in the best interest of the estates and creditors; accordingly,

IT IS HEREBY ORDERED THAT:

1. The Dismissal Motion is granted in part as set forth herein.

2. To the extent not resolved or withdrawn, any and all objections to the Dismissal Motion are hereby overruled and denied.

3. The Motion for Allowance and Immediate Payment of Administrative Expense Claims pursuant to 11 U.S.C. § 503(b) and for Related Relief filed by Northern Power Systems, Inc. f/k/a CB Wind Acquisition Corp. (the "Allowance Motion") [Docket No. 847] is hereby consolidated with the CB Wind Adversary Proceeding and any and all claims asserted in the Allowance Motion shall be addressed, settled or litigated through the CB Wind Adversary Proceeding. Trial for the CB Wind Adversary Proceeding and Allowance Motion has been set for September 24, 2010 at 10:30 a.m. unless otherwise resolved or settled by Order of the Court.

4. The Chapter 11 cases of Distributed Energy Systems Corp. and NPS Liquidating, Inc. Case Nos. 08-11101(KG) and 08-11102 (KG), respectively, are hereby dismissed, with such dismissal to be effective (the "Dismissal Effective Date") after entry of this Order and immediately upon the last of the following conditions precedent to occur (i) the entry of an order concerning the final fee applications of the Debtors and Committee professionals and payment thereof as provided in any order(s) entered in these proceedings and (ii) only upon final

resolution, settlement or adjudication of the CB Wind Adversary Proceeding and Allowance Motion.

5. The Debtors and Committee are authorized to establish a Creditor Trust on the terms set forth in the Dismissal Motion (as modified by the agreements made on the record at the Hearing), to execute and deliver the Creditor Trust Agreement substantially in the form of the Creditor Trustee Agreement attached to this Order and to select Clifford Zucker of J.H. Cohn LLP as Creditor Trustee. The Committee is further authorized to transfer to the Creditor Trust (a) the Creditor Fund no later than ten (10) business days after the entry of this Order which shall be distributed in accordance with the Creditor Trust Agreement, and (b) any additional funds returned in connection with hold-backs associated with the Debtors' sale of assets to CB Wind (collectively, "Creditor Trust Funds"), which shall be distributed in accordance with the Creditor Trust Agreement and the terms and conditions of, and to the extent provided for by, that certain Compromise and Settlement Agreement and Release previously approved by this Court pursuant to the Global Settlement Order. Notwithstanding the foregoing, the Court does not have jurisdiction over the Creditor Trust, including, without limitation, in respect of any matter relating to the identification of Beneficiaries (as defined in the Creditor Trust Agreement) or distributions therefrom.

6. August 31, 2010 shall be fixed as the record date (the "Distribution Record Date") for purposes of determining the holders of allowed unsecured claims entitled to receive a Creditor Distribution and who shall receive beneficial interests in the Creditor Trust.

7. The Creditor Trustee is authorized, for purposes of making Creditor Distributions, to rely upon the Claims Register and orders of the Court as they exist on the Distribution Record Date.

8.  The following procedures to address distribution checks not negotiated or returned to the Creditor Trustee are hereby authorized and approved:

   a. If a holder of an allowed unsecured creditor claim fails to negotiate a distribution check issued to such holder on or before thirty (30) days after issuance of such distribution check, then the Creditor Trustee shall provide written notice to the holder of such allowed claim advising such holder that unless the distribution check is deposited within thirty (15) days after the date of such notice (i) the Creditor Trustee shall cancel such distribution check, (ii) the amount of cash attributable to such check shall be deposited in the trust account and (iii) the holder of such allowed claim will be automatically deemed to have waived its allowed claim. If a holder of an allowed unsecured claim contacts the Creditor Trustee in writing within such fifteen (15) day period, the Creditor Trustee will re-issue a distribution check to such holder at the end of the fifteen (15) day period and such holder will be informed that the distribution check must be cashed within ten (10) days of the date of such distribution check or (i) the Creditor Trustee shall cancel such distribution check, (ii) the amount of cash attributable to such check shall be deposited in the trust account and (iii) the holder of such allowed claim shall be automatically deemed to have waived its allowed claim.

   b. The Creditor Trustee shall have no obligation to send distribution checks to holders of allowed unsecured claims who have provided no address or whose address has previously proven to be undeliverable. Holders of allowed unsecured claims which have not provided the Debtors, the Committee, or Epiq with an address or who have not notified the Debtors, the Committee or Epiq of a change of address shall be deemed to have waived their claims Creditor Distribution.

9.  On or after the Dismissal Effective Date the Debtors and the Committee are authorized, but not directed, to destroy all records of the Debtors.

10. On or after the Dismissal Effective Date the Debtors are authorized, but are not directed, to dissolve under applicable non-bankruptcy law.

11. Sections 349(b)(1) and 349(b)(2) of the Bankruptcy Code shall be inapplicable to the Debtors, and notwithstanding section 349 of the Bankruptcy Code, all final orders entered in these cases prior to the Dismissal Effective Date shall survive and remain effective after such date. This Order shall not effect, nor is it intended or shall be deemed to effect, the terms and validity of any other order entered in these Chapter 11 cases, which orders shall remain in effect

and enforceable. All orders in these Chapter 11 cases (including this Order) and all transactions implemented by the Debtors during the pendency of these Chapter 11 cases shall survive, remain effective and in full force after dismissal of these Chapter 11 cases.

12. Upon dismissal of these Chapter 11 cases, Epiq shall be discharged of its duties as noticing and claims agent in these Chapter 11 cases and shall deliver to the Creditor Trustee the original proofs of claim filed in these Chapter 11 cases and Claims Register.

13. Any estate professional seeking payment of final fees in these cases that has not yet filed a final fee application shall file such final fee application on or before September 23, 2010, and serve it upon counsel for the Debtors, counsel for the Committee and the office of the United States Trustee, and such fee applications shall be heard by this Court on October 8, 2010 at 10:30 am. The Debtors are authorized to pay such allowed fees and reimbursements of expenses as provided under any orders entered in these proceedings, including the Global Settlement Order.

14. Peter Tallian ("Mr. Tallian") shall be entitled to be reimbursed for out-of-pocket expenses and to be compensated for his services as an officer and director of the Debtors to and including the date of the dismissal of these Chapter 11 cases.

15. The Debtors, Committee and Creditor Trustee are hereby authorized and empowered to take all steps necessary and appropriate to effectuate the terms of this Order.

16. The rights, benefits and obligations of any person or entity referred to in this Order, as effected by this Order, shall be binding and shall inure to the benefit of any successor, assign or heir of such person or entity.

Dated: September 24, 2010

_____
UNITED STATES BANKRUPTCY JUDGE